UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEBORAH MCDONALD**                                                                    **PLAINTIFF**

v.                                    **CASE NO. 4:08-CV-2882 BSM**

**WALGREEN CO.**                                                                        **DEFENDANT**

## ORDER

Before the court is the motion to remand filed by plaintiff Deborah McDonald ("McDonald"). Defendant Walgreen Company ("Walgreen") has responded. For the reasons set forth below, the motion to remand is granted.

### I. BACKGROUND

McDonald filed her complaint in the Circuit Court of Saline County on August 18, 2008. Attached to the complaint is a sign-on bonus contract, dated December 20, 2006, which appears to award McDonald a $20,000 "incentive payment," with the following pertinent terms:

> To avoid any repayment obligation with respect to the incentive payment, Pharmacist must remain continuously employed by Walgreens on a full-time basis in the <u>Little Rock District-196</u> area in the capacity of a fully-licensed registered pharmacist for a period of <u>3</u> full year(s) of continuous service. . . . If Pharmacist does not remain so employed by WALGREENS full-time in the capacity of a registered pharmacist in the designated area for <u>3</u> full year(s) of continuous service, the entire amount of the incentive payment plus a penalty of 8% per year, shall become immediately due and payable upon Pharmacist's ceasing to serve as a full-time registered pharmacist in the designated area (for any reason)."

Also attached to the complaint is McDonald's letter of resignation dated February 21, 2008, stating that she would continue to work until March 7, 2008.

McDonald, formerly a pharmacist employed by defendant Walgreen, asserts that Walgreen breached the implied duty of good faith and fair dealing and "made it impossible for her to perform her obligation under the contract." McDonald seeks a declaratory judgment that the contract has been fully performed, and that Walgreen is not entitled to reimbursement or restitution. The body of the complaint states that McDonald "has foregone valuable employment opportunities" and "has incurred damages exceeding $75,000.00 because of the contract at issue." The prayer for relief, however, states that she seeks "compensatory damages, which do not exceed $75,000.00," attorney's fees, and costs.

On September 19, 2008, Walgreen filed its notice of removal in this court asserting diversity jurisdiction. On the same day, Walgreen filed its answer and counterclaim alleging unjust enrichment, conversion, and breach of contract.

## II.  DISCUSSION

For diversity jurisdiction to exist, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs," and be between "citizens of different States." 28 U.S.C. § 1332(a)(1). "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (quoting *Missouri ex rel. Pemiscot County v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995)). "This rule applies even in a removed case where the party invoking jurisdiction is the defendant." *Id.* "Federal courts

are to 'resolve all doubts about federal jurisdiction in favor of remand' . . ..'' *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

McDonald asserts that this court lacks subject matter jurisdiction because the prayer for relief does not seek more than $75,000, and that any contrary statement in the body of the complaint is simply a typographical error. McDonald states that the complaint should read, "Plaintiff . . . has incurred damages **NOT** exceeding $75,000.00, because of the contract at issue."

In response, Walgreen asserts that, at a minimum, the amount in controversy for this action includes: "(1) an amount that could equal as much as $74,999.99 in compensatory damages, (2) the $20,000.00 value of the sign-on bonus, (3) her attorney's fees under Ark. Code Ann. § 16-22-308, and (4) Walgreen's own attorney's fees and costs incurred in connection with the collection of amounts owed under paragraph 3 of the contract." *See Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) ("[S]tatutory attorney fees count toward the jurisdictional minimum."). Thus, Walgreen asserts that the pleadings at the time of removal and the proof adduced to the Court establish that McDonald's claimed damages exceed $75,000.00. The court disagrees.

Walgreen has set forth no proof regarding the claimed compensatory damages or attorney fees. As Walgreen stated, the "crux of plaintiff's complaint is that she should not be required to return a $20,000.00 sign-on bonus she received even though she did not comply with the terms of the sign-on bonus contract." The court accepts McDonald's

assertion that the statement in the complaint alleging damages in excess of $75,000 was simply a typographical error.  Therefore, the Court finds that it has no subject matter jurisdiction, as the amount in controversy requirement for diversity jurisdiction has not been satisfied.  This case is remanded to the state court from which it was removed.

Accordingly, plaintiff Deborah McDonald's motion to remand (Doc. No. 4) is granted. This case is remanded to the state court from which it was removed.

IT IS SO ORDERED this 17th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE